## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NICHOLE BACHELDER | No. 2:23-CR-00077-JAW |

### **GOVERNMENT'S SENTENCING SUBMISSION**

The United States of America, by and through its counsel, submits the following sentencing submission in order to aid the Court in determining a sentence sufficient but not greater than necessary to achieve the goals of just punishment, deterrence, and to safeguard the community. In the instant case, the government recommends a sentence of incarceration of 10 months consistent with the Advisory Sentencing Guidelines Range. In support of its recommendation the government states the following:

### Offense Conduct

1.  The defendant attempted to purchase one firearm from G3 Firearms in Turner on about October 19, 2022. Revised Presentence Investigation Report ("PSR") ¶ 11.[1] Defendant's attempted purchase was made on behalf of one of the leaders of a

---

[1] It should be noted that the current version of the PSR (as of this writing) states that Bachelder attempted to purchase two firearms. PSR ¶ 11. However, a review of the ATF Form 4473 corresponding to the attempted purchase from G3 Firearms on October 19, 2022 shows only one firearm as the subject of the sale: a Glock pistol bearing serial number ADGU067. Bachelder prepaid for a single firearm (the one reflected in the Form 4473), but the purchase was never completed because she received a "delayed" response from the National Instant Background Checking System. Per ATF reports, the clerk at G3 Firearms did indicate that Bachelder expressed interest in purchasing a second firearm during the pendency of the failed transaction, but it appears that this second firearm was never papered or paid-for. For those reasons, the government believe that a single attempted purchase is at issue here.

wide-ranging gun trafficking conspiracy, whereby straw purchasers (generally individuals struggling with substance abuse disorder) were paid in either cash or drugs to purchase firearms from Maine Federal Firearms Licensees ("FFLs") for the conspiracy. PSR ¶ 10-11. Upstream conspiracy members would then traffic the unlawfully obtained firearms to points south in Massachusetts and New York, where they would sell them in exchange for cash or drugs. *Id*. The conspiracy is responsible for trafficking approximately 100 firearms, and trafficking significant quantities of cocaine. The defendant's role in the conspiracy was a small but important one: without straw purchasers like the defendant, the conspiracy conduct would not have been possible.

    2.    On about May 5, 2023, the defendant was charged in a one-count complaint with making false statements during the purchase of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A). PSR ¶ 1. On August 9, 2023, a grand jury sitting in this District returned a one-count Indictment mirroring the criminal complaint. PSR ¶ 3. The defendant pleaded guilty to the Indictment on about February 14, 2024 before the Court. PSR ¶ 6.

    3.    The defendant struggled with pretrial supervision. She was initially released on conditions following her appearance on the complaint on May 9, 2023. PSR ¶ 1. Thereafter, she absconded from a drug treatment facility in violations of those conditions, and her bail was revoked on August 7, 2023. PSR ¶¶ 2, 7. Thereafter, at her request, the defendant's bail hearing was re-opened and the Magistrate Court released her to an inpatient drug treatment facility on about October 20, 2023. PSR ¶ 4. Bachelder again absconded from the treatment facility on about November 4, 2023.

PSR ¶ 8. She was arrested on January 26, 2024, her bail was revoked, and she has remained detained since that time. PSR ¶ 8.

## Advisory Guidelines Calculation

4.      U.S. Probation calculated the defendant's guidelines as follows: a base offense level of 14 per U.S.S.G. § 2K2.1(a)(6)(A); and a decrease of two levels for acceptance of responsibility, for a total offense level of 12. PSR ¶¶ 21-29. Probation further calculated that the defendant was in criminal history category I. PSR ¶ 59. Therefore, the operative Advisory Guideline Range in this case is a term of incarceration of 10 to 16 months. PSR ¶ 59.

## Relative Culpability

5.      To date, the government has brought prosecution against at least nine other members of this conspiracy. The Court has sentenced six conspirators. The most significant sentence in the case was imposed upon Abdullahi Issak, who was a leader of the conspiracy. PSR at 1. He received a sentence of 120 months' incarceration and was held responsible for the straw purchase and trafficking of 77 firearms. On the other end of the spectrum, members of the conspiracy who were more-or-less typical members who straw purchased several firearms (e.g., Jessica Turcotte) received probationary and/or time served sentences. The defendant here is a typical conspiracy member on the lower end of culpability: she attempted (unsuccessfully) to straw purchase one firearm.

## Sentencing Recommendation

6.      A sentence of 10 months, consistent with the lowest end of the Advisory Guidelines Range, is sufficient but not greater than necessary to achieve the aims of just

punishment, deterrence, and to safeguard the community. This was a serious offense. Although the defendant was unsuccessful in her attempt to straw purchase a firearm, that was only because the system's safeguards worked: the FFL was informed that the defendant received a "delayed" status, and they therefore terminated the transaction. Other firearms that were successfully straw purchased through this conspiracy have surfaced in connection with criminal activity in Massachusetts and New York. The conspiracy succeeded in unlawfully supplying drug dealers and other criminals to our south with deadly weapons that they could not otherwise have obtained. "The connection between drugs and violence is, of course, legendary." *United States v. Arnott*, 758 F.3d 40, 45 (1st Cir. 2014) (internal citation omitted). It does not take much—only one errant shot from an illicitly obtained firearm—to change someone's life forever, including bringing it to a premature ending. Although the defendant's crime was ultimately inchoate and did not result in the illicit procurement of a firearm, it was not for lack of effort.

    7.    A sentence within the Advisory Guidelines Range will serve to deter others from unlawfully purchasing firearms. It will also deter the defendant from again participating in this activity. Because a Guideline sentence will serve as a deterrent, it will help to safeguard communities from the influx of illicit firearms.

## Conclusion

For the reasons stated above, the government recommends a sentence of 10 months' incarceration in the instant case, consistent with the Advisory Guidelines Range.

Date: July 23, 2024                                             Respectfully submitted,

                                                                                            DARCIE N. MCELWEE
                                                                                            United States Attorney

                                              By: */s/Noah Falk*
                                                       Noah Falk
                                                       Assistant U.S. Attorney
                                                       100 Middle Street
                                                       Portland, Maine 04107
                                                       (207) 780-3257

## UNITED STATES DISTRICT COURT DISTRICT OF MAINE

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 23, 2024, I filed the foregoing Motion to Extend Time using the Court's CM/ECF system, which will cause a copy to be sent to all counsel of record.

              /s/Noah Falk
              Assistant U.S. Attorney